IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00565 HG-01 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| ADOLFO GUZMAN, JR., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) & AMENDMENT 782 (ECF No. 170)**

Defendant Adolfo Guzman, Jr., proceeding pro se, has filed a Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Defendant is not eligible to receive a reduction.

Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (ECF No. 170) is **DENIED.**

**PROCEDURAL HISTORY**

On June 13, 2013, Defendant Adolfo Guzman, Jr. was charged in an Indictment (ECF No. 19) as follows:

**Count 1:** From a date unknown, but by in or around May 2013, and up through and including on or about May 31, 2013, in the District of Hawaii, Defendants ADOLFO GUZMAN JR, JUAN AREMENTA KELLY, and ANTONIO PEREZ JR., did conspire, confederate and agree with

1

>     persons known and unknown to the Grand Jury, to
>     commit offenses against the United States, that
>     is, to knowingly and intentionally distribute and
>     possess with intent to distribute five hundred
>     (500) grams or more of a mixture and substance
>     containing a detectable amount of methamphetamine,
>     its salts, isomers and salts of its isomers, a
>     Schedule II controlled substance, to wit,
>     approximately 8,154 grams, in violation of Title
>     21, United States Code, Sections 846, 841(a)(1)
>     and 841(b)(1)(A).
>
> **Count 2:** On or about May 31, 2013, in the District of
>     Hawaii, Defendants ADOLFO GUZMAN JR, JUAN AREMENTA
>     KELLY, and ANTONIO PEREZ JR., did knowingly and
>     intentionally possess with intent to distribute
>     five hundred (500) grams or more of a mixture and
>     substance containing a detectable amount of
>     methamphetamine, its salts, isomers and salts of
>     its isomers, to wit, approximately 8,154 grams, a
>     Schedule II controlled substance, in violation of
>     Title 21, United States Code, Sections 841(a)(1)
>     and 841(b)(1)(A).

On April 21, 2014, Defendant Guzman, Jr. pled guilty to Count 1 and 2 of the Indictment pursuant to a Memorandum of Plea Agreement ("Plea Agreement"). (ECF No. 97).

On January 23, 2015, Defendant Guzman, Jr. was sentenced to 145 months imprisonment. (ECF No. 150).

On February 15, 2019, Defendant, proceeding pro se, filed MOTION UNDER 18 U.S.C. § 3582(c)(2) FOR A REDUCTION IN SENTENCE PURSUANT TO AMENDMENT 782 OF THE UNITED STATES SENTENCING GUIDELINES. (ECF No. 170).

## **ANALYSIS**

18 U.S.C. § 3582(c)(2) authorizes district courts, in some

circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry.  Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced.  28 U.S.C. §§ 994(o),(u).

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); Dillon, 560 U.S. at 826-28.

Amendment 782 was in effect at the time of Defendant's sentencing on January 23, 2015, and it was applied in the calculation of Defendant's sentencing guidelines.  The Court does not reach the second step in the inquiry.

**I.  Amendment 782 to the United States Sentencing Guidelines Was In Effect At the Time of the Calculation of Defendant's Sentencing Guidelines at His January 23, 2015 Sentencing**

Defendant requests a reduction in sentence pursuant to Amendment 782 to the United States Sentencing Guidelines.

3

(Def.'s Mot. for Reduction of Sentence, ECF No. 170).

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective. Amendment 782 reduced some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11. Amendment 782 was incorporated into the 2014 United States Sentencing Guidelines.

Defendant pled guilty to Count 1 and 2 of the Indictment. The 2014 Sentencing Guidelines were use to calculate Defendant's sentence. The Presentence Investigation Report stated that Defendant was responsible for 8.2 kilograms of "ice". (Presentence Investigation Report at ¶ 29, ECF No. 149). The 2014 Drug Quantity Table in U.S.S.G. § 2D1.1(c)(1) provides that offenses involving 4.5 kilograms or more of "ice" have a base offense level of 38. Defendant was found responsible for 8.2 kilograms "ice", nearly twice as much as the minimum 4.5 kilograms quantity of "ice" set forth in U.S.S.G. § 2D1.1(c)(1).

The 2014 Sentencing Guidelines were applied to Defendant. His base offense level was 38 because Defendant was responsible for more than 4.5 kilograms of "ice".

## II. Defendant Is Not Eligible For Relief Pursuant To The First Step Act

Defendant filed this motion after the recent passage of the First Step Act, Pub. L. No. 115-391. The Court "may modify an imposed term of imprisonment to the extent otherwise expressly

permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). The Court liberally[1] construes Defendant's motion to also consider whether his term of imprisonment may be modified by the retroactive provisions of the First Step Act.

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. The First Step Act implements reforms to the criminal justice system.

There are a number of reforms in the First Step Act, but Section 404 is the only provision that applies retroactively to defendants who have already been sentenced. Section 404 permits the district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372. See First Step Act § 404(a). The Fair Sentencing Act of 2010 modified the statutory sentencing range for crack cocaine offenses.

Here, Defendant was not sentenced to an offense involving crack cocaine. Defendant pled guilty to offenses involving methamphetamine, not offenses involving crack cocaine. Defendant is not eligible for a reduction of his imprisonment term pursuant to the First Step Act.

Defendant's Motion for Reduction of Sentence Pursuant to 18

---

[1] "Pro se complaints and motions from prisoners are to be liberally construed." U.S. v. Seesing, 234 F.3d 456, 462 (2000).

5

U.S.C. § 3582(c)(2) and Amendment 782 (ECF No. 170) is **DENIED**.

## CONCLUSION

Defendant Adolfo Guzman, Jr.'s Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (ECF No. 170) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 10, 2019.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

United States of America v. Adolfo Guzman, Jr., Crim. No. 13-00565 HG-01; **ORDER DENYING DEFENDANT ADOLFO GUZMAN JR.'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 (ECF No. 170)**

6