IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 13-00565 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ADOLFO GUZMAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO FILE NOTICE OF APPEAL OUT OF TIME (ECF No. 174)**

Defendant Adolfo Guzman, Jr., proceeding pro se, has filed a "Motion to File Notice of Appeal Out of Time" pursuant to Federal Rule of Appellate Procedure 4(b)(4). The Court finds Defendant has established excusable neglect and is therefore permitted to file a Notice of Appeal out of time.

Defendant's MOTION TO FILE NOTICE OF APPEAL OUT OF TIME (ECF No. 174) is **GRANTED**.

**PROCEDURAL HISTORY**

On April 10, 2019, the Court issued an ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) & AMENDMENT 782. (ECF No. 173).

On April 24, 2019, 14-days after April 10, 2019, the Notice

1

of Appeal was due.

On May 20, 2019, Defendant filed a MOTION TO FILE NOTICE OF APPEAL OUT OF TIME. (ECF No. 174).

## **ANALYSIS**

Pursuant to Federal Rule of Appellate Procedure 4(b)(4), the district court may grant an extension of time to file a notice of appeal upon a finding of excusable neglect or good cause.

Federal Rule of Appellate Procedure 4(b)(4) states:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).

The district court has jurisdiction to consider Defendant Guzman's Motion to File Notice of Appeal Out of Time because his Motion was filed within thirty days after the 14-day deadline to file his appeal. Id.; United States v. Stolarz, 547 F.2d 108, 112 n.5 (9th Cir. 1976).

The district court evaluates "excusable neglect" by considering four factors:

(1) the danger of prejudice to the non-moving party;

(2) the length of delay and its potential impact on judicial proceedings;

(3) the reason for the delay, including whether it was

within the reasonable control of the movant; and,

(4) whether the moving party's conduct was in good faith.

Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

The United States Supreme Court requires courts to consider the unique situation of pro se prisoners when evaluating the timeliness of their appeals. Houston v. Lack, 487 U.S. 266, 270 (1988). The Supreme Court has explained that "[s]uch prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the clerk of court receives and stamps their notices of appeal before the ... deadline." Id. at 270-71.

The Ninth Circuit Court of Appeals has found that an extension of time should be granted to a pro se prisoner who has "done all he could do under the circumstances" to file a timely notice of appeal. United States v. Houser, 804 F.2d 565, 569 (9th Cir. 1986).

Here, Defendant is a pro se prisoner. The 14-day deadline for Defendant to file a Notice of Appeal was April 24, 2019. Defendant filed his Motion to File Notice of Appeal Out of Time on May 20, 2019. The Motion was filed twenty-six days late but within thirty days after the 14-day deadline to file his appeal. Defendant asserts that the Court's Order Denying Defendant's

Motion for Reduction of Sentence was sent to an incorrect address. Defendant states that he received the Court's Order on April 29, 2019, after the time required for filing of a Notice of Appeal. (Def.'s Motion at p. 2, ECF No. 174).

The Court finds that Defendant Guzman has established excusable neglect for the delay in filing his Motion. The delay does not appear to have prejudiced the Government or negatively impacted the judicial proceedings.

Defendant provided a reasonable explanation for his delay in filing his Motion.

There is no evidence that Defendant Guzman's delay in filing his Motion was caused by his own bad faith.

Defendant's Motion to File Notice of Appeal Out of Time (ECF No. 174) is **GRANTED**.

Defendant's Motion to File Notice of Appeal Out of Time filed on May 20, 2019 (ECF No. 174) is deemed timely based on a finding of excusable neglect.

//
//
//
//
//
//
//

**CONCLUSION**

Defendant's MOTION TO FILE NOTICE OF APPEAL OUT OF TIME (ECF No. 174) is **GRANTED**.

The Court construes the Defendant's MOTION TO FILE NOTICE OF APPEAL OUT OF TIME as a timely Notice of Appeal (ECF No. 174).

The Clerk of Court is directed to provide a copy of this Order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

DATED: June 20, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge