IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00565 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ADOLFO GUZMAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 182)**

Defendant is currently incarcerated at the United States Penitentiary Lompoc in California with a projected release date of March 23, 2025.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 182) is **DENIED.**

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v.

1

United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)  extraordinary and compelling reasons warrant
>          such a reduction;
> ...
>          and that such a reduction is consistent with
>          applicable policy statements issued by the
>          Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1)(A)    Extraordinary and compelling reasons

>>warrant the reduction; or
>
>>(B)　The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
>(2)　The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>(3)　The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

>(1)　extraordinary and compelling reasons warrant a sentence reduction;
>
>(2)　he is not a danger to the safety of others or the community; and,
>
>(3)　any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

**C.　Extraordinary And Compelling Reasons**

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons." The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that

4

Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act. See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

- (A) **Medical Condition of the Defendant.**–

    - (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    - (ii) The defendant is—

        - (I) suffering from a serious physical or medical condition,

        - (II) suffering from a serious functional or cognitive impairment, or

        - (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

- (B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration

5

    in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

 (C) **Family Circumstances.**–
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

 (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. <u>United States v. Hernandez</u>, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## **PROCEDURAL HISTORY**

On June 13, 2013, the grand jury returned an Indictment charging Defendant Adolfo Guzman, Jr. and two co-Defendants with drug trafficking crimes. (Indictment, ECF No. 19). Defendant Guzman was charged with the following two counts:

 **Count 1**: Conspiracy to Possess 500 Grams or More of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

6

    **Count 2**:   Possession of 500 Grams or More Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

(Id.)

On October 3, 2013, Defendant Guzman filed his Motion to Suppress. (ECF No. 73). Defendant Guzman's co-defendants joined in the Motion. (ECF Nos. 75 & 77).

On October 23, 2013, the Court held a hearing on the Motion to Suppress. (ECF No. 83).

On November 15, 2013, the Court denied the Motion to Suppress. (ECF No. 84).

On April 21, 2014, Defendant pled guilty to Count 1 and 2 of the Indictment. (ECF No. 97).

While on pretrial release pending his sentencing, the Government was notified by law enforcement personnel in California that Defendant had been in meetings with known drug traffickers. (Gov't's Supp. Sentencing Statement at p. 3, ECF No. 142).

On December 11, 2014, the Court revoked Defendant's pretrial release. (ECF No. 143).

On January 23, 2015, Defendant was sentenced to 145 months imprisonment to be followed by a term of supervised release of 5 years. (ECF No. 148).

On February 15, 2019, Defendant filed a Motion to Reduce Sentence Pursuant to the Changes in the Drug Quantity Sentencing Guidelines. (ECF No. 170).

7

On April 10, 2019, the Court denied Defendant's motion for a sentence reduction.  (ECF No. 173).

On July 22, 2020, Defendant filed EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE).  (ECF No. 182).

On July 23, 2020, the Court set a briefing schedule.  (ECF No. 184).

On August 6, 2020, the Government filed its Opposition.  (ECF No. 187).

Defendant chose not to file a Reply.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## **ANALYSIS**

Defendant Guzman is 38 years old.  The Defendant is currently incarcerated at the United States Penitentiary ("USP") Lompoc in California.  The Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

General concerns about potential exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.  United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver, ___ F.Supp.3d ___, 2020 WL 1892340, *3 (E.D. Wash. Apr. 8,

2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

**I.   Medical Condition**

   **A.   Current Centers For Disease Control Standards And Defendant's Medical Concerns**

The CDC identifies obesity as a medical condition that places an individual, regardless of age, at increased risk.  The CDC defines individuals as obese if he or she has a body mass index ("BMI") of 30 or above.  (CDC Coronavirus Disease 2019 (COVID-19) Website, at "People with Medical Conditions," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html, last visited 9/17/2020).

Defendant's Bureau of Prisons ("BOP") medical records reflect that on January 21, 2020, Defendant weighed 206 pounds. (See Def.'s Ex. C at 3, ECF No. 186).  At the time of sentencing, Defendant's height was recorded as 5'6".  (Presentence Report ("PSR") at 13, ECF No. 149).  Pursuant to the U.S. Department of

Health and Human Services' BMI Calculator, Defendant's BMI was 33.2 as of January 21, 2020. Defendant is considered obese under the CDC definition.

Defendant argues that his weight places him at an increased risk for severe illness. Defendant concedes his other medical conditions are not risk factors.

B.   **Medical Conclusion**

Defendant is 38 years old. The CDC recognizes that risk of severe illness from COVID-19 increases with age. Those 65 years of age or older are at increased risk and those 85 years and older at the greatest risk. (CDC Coronavirus Disease 2019 (COVID-19) Website, at "Older Adults," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html, last visited 9/17/2020). Defendant's age does not place him in a category of increased risk of complications due to COVID-19.

Defendant's weight at a Body Mass Index of 33.2 is a risk factor, but it does not rise to an extraordinary and compelling reason for immediate release. Medical conditions that can be treated while in prison are not extraordinary and compelling reasons for release. United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)). Defendant's obesity as of January 2020 is insufficient to support his claim for compassion release. Defendant has not established a basis for compassionate

released based on his medical issue.

## II. Section 3553(a) Factors And Defendant's History and Characteristics

### A. History and Characteristics

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

At sentencing, Defendant Guzman was responsible for 8,154 grams of highly pure methamphetamine.  (PSR at ¶ 31, ECF No. 149).  While he was on pretrial release awaiting to be sentenced for his crimes involving drug trafficking, law enforcement personnel informed the Government that Defendant had been observed meeting with known drug traffickers who were suspected of currently organizing drug trafficking operations.

Defendant was subject to a sentencing guideline range of 168 to 210 months imprisonment for his drug trafficking crimes. (Id. at p. 16).  Defendant received a downward variance and was sentenced to 145 months imprisonment.  (ECF Nos. 148, 150).

Although Defendant was in Criminal History Category I at the time of sentencing, Defendant's criminal history demonstrates

that he has a history possessing and distributing illicit substances, dating back to when Defendant was a minor. At the age of 12, Defendant was charged with possession of a narcotic controlled substance for sale and conspiracy to commit a crime. (PSR at p. 10, ECF No. 149). Defendant was sentenced to probation and five months at a juvenile detention camp. (Id. at p. 10).

At the age of 22, Defendant was convicted of aiding and abetting in exhibition of speed in California. (Id. at p. 11). During this traffic stop, police officers noted signs of substance abuse. (Id.)

### B. Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. United States v. Connell, F.Supp.3d. , 2020 WL 2315858, *6 (N.D. Cal. May 8, 2020). The amount of time served of the originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public. United States v. Barber, F.3d , 2020 WL 2404679, *5 n.9 (D. Ore. May 12, 2020).

Defendant received a 145-month sentence. His projected release date is March 23, 2025.

### C.   Appropriateness of Immediate Release

The nature and circumstances of Defendant's offense weigh against reducing his remaining sentence by the more than 4 years. Defendant's crime was serious. He was convicted of possessing with the intent of distributing over 8,000 grams of pure, high-grade methamphetamine in the community.

Defendant's history and characteristics also do not favor a reduced sentence.  Even after he had pled guilty to the crime of drug trafficking, he continued to meet with known drug traffickers.

Defendant's immediate release is not appropriate given the totality of circumstances under Section 3553(a) Factors.

### III. Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant has not shown that extraordinary and compelling reasons exist to grant his Motion for compassionate release. Defendant's obesity does not establish an extraordinary and compelling reason.  Defendant's obesity is a medical condition that is being managed in prison.  This factor alone is not sufficient to establish extraordinary and compelling reasons for immediate release.

The Section 3553(a) factors also weigh against immediate release.  Defendant's crime of distributing large quantities of high-grade methamphetamine and history of drug offenses indicate he is a danger to others and the community.  According to the

BOP's website, Defendant has a projected release date in March 2025, with more than 54 months remaining of his sentence. Defendant has not established he is entitled to immediate release.

### **CONCLUSION**

Defendant's Motion To Reduce Sentence Under the First Step Act(Compassionate Release) (ECF No. 182) is **DENIED**.

IT IS SO ORDERED.

Dated: September 17, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge